Henry WEBB, in his official capacity as Superintendent of the Floyd County Schools; Board of Education of Floyd County, Kentucky, Appellant/Cross–Appellee

v.

Pamela MEYER, Appellee/Cross–Appellant.

Nos. 2011–SC–000145–DG, 2012–SC–000113–DG.

Supreme Court of Kentucky.

Aug. 29, 2013.

Michael J. Schmitt, Jonathan C. Shaw, Porter, Schmitt, Banks & Baldwin, Paintsville, KY, Counsel for Appellants/Cross–Appellees.

James Follace Fields, II, Brooks, McComb & Fields, LLP, Lexington, KY, Counsel for Appellee/Cross–Appellant.

Opinion of the Court by Justice NOBLE.

This case presents the question of whether a reduction in the number of positions in a single job classification within a public school district, without a reduction in the overall number of school district employees, is a "reduction in-force" under KRS 161.011 requiring application of the statutory seniority rules. This Court concludes that it is not.

## I. Background

In 2007, a new elementary school, Prestonsburg Elementary, was opened by the Floyd County Board of Education. In the process, two older elementary schools were closed, one of which was Clark Elementary School, where Pamela Meyer, the Appellee/Cross–Appellant, had been employed for 14.5 years. Meyer was a classified employee as defined in KRS 161.011(1)(a), working full-time in the Family Resource Youth Service Center (FRYSC) as a coordinator. This program, often referred to phonetically as the "Frisky" program, is directed toward connecting students with local services on a need basis, and is to be located in schools in which 20% of the student body is eligible for free or reduced cost meals. *See* KRS 156.496.

Before the consolidation, there were fifteen FRYSC coordinators in the Floyd County School District. Afterward, that number was reduced to fourteen. When the two older elementary schools were closed, the position of FRYSC coordinator was abolished for those two schools, and there was only one position at the new school. When positions were reassigned, Meyer was not retained as a FRYSC coordinator even though she was sixth in seniority, but was instead placed as a FRYSC clerk at the new elementary school, which resulted in a reduction in her salary of $6,235.87 per year. There was no dispute that this was a "lesser" position than her previous assignment.

Meyer was notified that she would no longer have the Clark Elementary FRYSC coordinator position because it had been abolished on June 21, 2007. The letter also informed her that her employment would continue, but that she would now be a clerk rather than a coordinator. Additionally, the letter indicated that a person with less seniority with the school district would be the coordinator at the new school.

Meyer was unsatisfied with this transfer, and filed a declaratory judgment action, in Floyd Circuit Court claiming that her statutory rights under KRS 161.011(8) had been violated because her transfer was the result of an improperly conducted reduction in force. The school system ar-

gued that there had been no reduction in force, and therefore no triggering of the seniority provision of KRS 161.011(8), because no employees were terminated. The board argued that termination is required to meet the definition of reduction in force in the school board statutes, and also as stated in their Board policy, and that the district did not have fewer employees than before the consolidation.

The circuit court agreed with Meyer and ruled in her favor. She was reinstated as a FRYSC coordinator for the next school year. At the same time, the school district appealed to the Court of Appeals, which affirmed the trial court. We granted discretionary review in this case to determine whether there had been a reduction in force, and if so, whether the statutory requirements had been violated.

## II. Analysis

■ Meyer argues that the school district's plan to close two elementary schools and consolidate them into one new school resulted in a reduction in force under KRS 161.011(8) because there was one fewer FRYSC coordinator after the consolidation than there had been prior.[1] Because of this, she further argues, subsection 8(b) required that she be placed as a coordinator because she had more than four continuous years of service in the school system, was more senior than several other coordinators, and the superintendent was required to reduce within the job classification based on seniority and qualifications.

If there were indeed a reduction in force, her argument correctly states what the statute requires: reductions within a job classification must be made based on seniority, with those having less service time and qualifications being the first to be reduced from employment. KRS 161.011(8). However, the statute does not define what "reduction in force" means. Meyer asserts that it means reduction within a job classification.

The reasons which allow a reduction in force include reductions in funding, enrollment, or changes in the district or school boundaries, or other compelling reasons. *Id.* The school system explained that the closing of the elementary schools and the subsequent consolidation was required because of decreasing enrollment, the older school plants were unable to be renovated, and financial feasibility. When the schools were closed, the natural consequence was that all the jobs *in that particular school* were gone as well, and therefore were abolished.

But, significantly, *all* of those employees were placed in other jobs at the new

---

1. KRS 161.011(8) states:

   The superintendent shall have full authority to make a reduction in force due to reductions in funding, enrollment, or changes in the district or school boundaries, or other compelling reasons as determined by the superintendent.

   (a) When a reduction of force is necessary, the superintendent shall, within each job classification affected, reduce classified employees on the basis of seniority and qualifications with those employees who have less than four (4) years of continuous active service being reduced first.

   (b) If it becomes necessary to reduce employees who have more than four (4) years of continuous active service, the superintendent shall make reductions based upon seniority and qualifications within each job classification affected.

   (c) Employees with more than four (4) years of continuous active service shall have the right of recall positions if positions become available for which they are qualified. Recall shall be done according to seniority with restoration of primary benefits, including all accumulated sick leave and appropriate rank and step on the current salary schedule based on the total number of years of service in the district.

school, and the district did not have fewer employees based on the consolidation than it did before. School Board Policy 03.271 defines reduction in force as "total separation from employment in the District." Under that policy, Meyer was not subject to a reduction in force because she remained employed by the district.

However, the meaning of a statutory term is not governed by definitions in school board policies, but rather by a definition provided by the legislature in a statute, or by a decision of the court. Thus the question to be answered is what the legislature intended by the term "reduction in force," as it is not defined in the statute.

■ We hold that a reduction in force under KRS 161.011(8) requires a reduction in the total number of employees, based on a sound business reason. "Force" is most reasonably viewed as the entire work force of the school district, not as the employees of a given department or job classification.

There are common sense and business reasons why "reduction in force" should be read to apply to the entire work force.

First, particularly in the context of a school system, uneven funding, the creation of new programs, a reduction in the need for a program and other functional realities affect where personnel are needed. For example, a program which is funded by a time-limited grant will necessarily create personnel issues when the grant money is gone. A school in such a circumstance must be able to transfer personnel to other work areas, and even to completely abolish a program. But if no employee is severed from employment, the work force remains intact. And no one could reasonably argue that a job classification must last forever.

Second, employment law principles need reasonable uniformity. Given the wide variety of departments or divisions that develop over the history of an institution or school system, there would be an uneven application of system-wide policy such as that set by a school board if the policy were applied within one job classification but not in another within the same institution.

Third, and most importantly, the plain meaning of the language "reduction in force," equates with "layoff," which is defined as "[t]he *termination* of employment at the employer's instigation; esp[ecially] the termination ... of many employees in a short time." *Black's Law Dictionary* 906, 1305 (8th ed.2004) (emphasis added). If there has been no termination of employment, there has been no layoff or reduction in force. There is a significant distinction between being transferred within one's employment and not having employment at all.

The Court of Appeals held that the statute's references to "each job classification affected," KRS 161.011(8)(a), (b), means that a reduction in force can occur within a single job classification, and thus does not apply to the entire work force. While a reduction in force could affect a single job classification—for example, if only one employee were terminated—this reads too much into that language. It ignores, for example, language in subsection (8)(c) laying out the procedure for employees with seniority when positions for which they are qualified become available. Such employees shall be "recalled" according to seniority and restored to their benefits, including sick leave. But such restoration of some of these benefits would not occur unless the employee had been terminated. When the employee is merely reassigned, many benefits, such as accumulated sick leave, would remain. This suggests that the better reading of the statute is that a "reduction in force" requires a reduction in the

overall number of employees, that is, a termination of at least one employee, and not just the reassignment of an employee from one classification to another.

 While there may be other legal issues relating to demotions, that is not the issue framed before this Court. And those other issues generally sound in discrimination law or specific contract violations. The situation here is simply one where the school district's need for modern facilities required building a new school to replace two older ones, which led to a reduction in duplication of positions, but not a reduction in the number of employees. The work force is not reduced merely because a school system is reorganized.

It is conceivable that had the school system actually reduced employees that Meyer could have properly asserted her claim that she was entitled to a seniority consideration under KRS 161.011(8). It can be argued that the school district's continued employment of Meyer is a dodge to avoid seniority requirements when that employee is being transferred to a lesser paying or lower ranking position. Meyer did get a considerable cut in pay from the transfer. However, the evidence does not support a finding that her new position is the equivalent of a termination, and there is some showing in the record that the decision was based on business reasons rather than discriminatory ones. Even so, Meyer has not brought a claim of discrimination, but has raised only that the school board violated the statutory seniority requirements which flow from a reduction in force.

### III. Conclusion

Since there was no reduction in force, KRS 161.011(8) does not apply to Meyer. Consequently, the decision of the Court of Appeals is reversed, and this matter is remanded to the Floyd Circuit Court to enter judgment accordingly.

All sitting. All concur.